### UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **CHICAGO HUDSON, LLC** | ) | **Case No. 06 B 5596** |
| | ) | |
| **Debtors.** | ) | **Honorable Jack B. Schmetterer** |
| | ) | **Hearing Date:  August 8, 2006** |
| | ) | **Hearing Time:  1:30 p.m.** |

### MOTION TO AUTHORIZE SUPPLEMENTAL NOTICE OF (A) SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, (B) FINAL SALE HEARING, (C) ENTRY OF ORDER APPROVING SALE AND FOR SHORTENING NOTICE TO CERTAIN CREDITORS

Chicago Hudson, LLC, debtor and debtor-in-possession (the "Debtor"), hereby moves this Court for entry of an order, pursuant to 11 U.S.C. §363 and Rules 2002, 6004 9006 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to send out a Supplemental Notice of (a) Sale of Substantially all of Debtor's Assets, (b) Final Sale Hearing, and (c) Entry of Order Approving Sale (the "Supplemental Notice") and to shorten notice of the sale to certain creditors as described below (the "Motion").  In support of the Motion, the Debtor respectfully states and alleges as follows:

### JURISDICTION

1.      This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).  This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O).  Venue of this motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for this Motion are 11 U.S.C. §363 and Bankruptcy Rules 2002, 6004 and 9006.

LP  1049336.1 \ 35591-65800

## BACKGROUND

3.      On May 16, 2006, the Debtor commenced this case (the "Case") by filing a voluntary petition for relief under Chapter 11, of title 11 of the United States Code, 11 U.S.C. §101 *et seq.* (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its property and assets as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.      No trustee or examiner has been appointed in this case, and no committee has been appointed or designated.

## THE AUCTION SALE

5.      On June 26, 2006, this Court entered the Order Granting Amended Motion Pursuant to 11 U.S.C. §§363 and 365 (a) Establishing Auction Bidding Procedures, (b) Setting Hearing Date For Approval of the Purchase and Sale Agreement, (c) Authorizing the Sale of Substantially all Debtor's Assets Free and Clear of Encumbrances, (d) Authorizing Assumption and Assignment of Certain Executory Contracts, (e) Setting a Sale Hearing Date, (f) Approving Form of Notice; and (g) Granting Related Relief (the "Order Authorizing Sale").

6.      Pursuant to the Order Authorizing Sale, an auction sale was scheduled for July 31, 2006 (the "Auction Sale"), of the Debtor's assets consisting of approximately .94 acres of real estate and related improvements situated in Cook County, Illinois, being all of the real estate commonly known as 750 North Hudson, Chicago, Illinois (the "Real Estate") for the sum of Twelve Million Three Hundred Dollars ($12,300,000) to Royal Apartments USA, Inc. (the "Purchaser"). A Court hearing on approval of the Auction Sale was set shortly thereafter. The Debtor was also authorized to send out a sale notice to all creditors and other parties-in-interest approved by the Court (the "Sale Notice").

7.      The hearing on approval of the Auction Sale was commenced on July 31, 2006.

When issues over the language contained in the order approving the Auction Sale (the "Sale Order") arose among the various parties, the Court continued the sale hearing from time to time. The sale hearing was most recently continued until Tuesday, August 8, 2006 at 1:30 p.m.

8.      The major dispute over the Sale Order concerns certain language which was not contained in either the Sale Notice or the Purchase and Sale Agreement, but which the Purchaser has requested be included in the Sale Order. This language would forever bar all persons and entities from asserting any liens, claims, encumbrances, actions or causes of action against the Purchaser, its successors or assigns, its property or the Real Estate. In addition, due to a clerical mistake, four creditors with claims against the Debtor for earnest money paid in connection with the purchase of units in the Debtor's condominium project (the "Contract Purchasers"), were inadvertently omitted its service list and did not receive the Sale Notice.

9.      As a consequence, the Debtor is proposing to send out the Supplemental Notice of (a) Sale of Substantially all of Debtor's Assets, (b) Final Sale Hearing, (c) Entry of Order Approving Sale (the "Supplemental Notice"), which is attached hereto as **Exhibit A.** The Supplemental Notice resolves both the issue of the language which the Purchaser has requested be included in the Sale Order and provides notice to the Contract Purchasers of the Final Hearing on approval of the Auction Sale and the Sale Order.

10.     Bankruptcy Rule 2002(a) provides that all creditors must be given at least 20 days notice by mail of a proposed sale of property of the estate other than any ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice. At the same time, Bankruptcy Rule 9006 provides that the Court for cause shown, may in its discretion, with or without motion or notice, order the notice period reduced.

11.     The Debtor believes that cause exists for reducing the 20 day notice period of the Auction Sale required to be given to the Contract Purchasers under Rule 2002 from 20 days to 7

days.  First, all other creditors, parties-in-interest and governmental entities have received the

Sale Notice.  Second, the Debtor intends to repay in full, all of the earnest money owed to the

Contract Purchasers, at the closing on the sale transaction.  In the event that the sale transaction

does not close, there will not be funds available to pay the claims of the Contract Purchasers.

12.     Moreover, the Purchaser has indicated that it is not prepared to close the sale

transaction without the language it has requested in the Sale Order.  As this Court is aware, there

were no other bidders at the Auction Sale other than the original bid of the Purchaser.  If the

Purchaser does not receive the language it has requested in the Sale Order, none of the creditors

of this estate will be paid, whether secured or unsecured, three months of time and effort will be

wasted, and the Debtor may have no choice but to dismiss the Case.

WHEREFORE, Chicago Hudson, debtor and debtor-in-possession, respectfully

requests that entry of an Order authorizing the Debtor to (a) serve the Supplemental Notice

on all creditors, parties-in-interest and governmental entities on the Debtor's Service List, (b)

publish the Supplemental Notice in a newspaper of national distribution, (c) pursuant to

Bankruptcy Rule 9006(c) reduce for cause shown the 20 day notice of the Auction Sale given

to the Contract Purchasers to 7 days, and (d) granting such other and further relief as the

Court may deem appropriate.

Dated: Chicago, Illinois

                                                                  CHICAGO HUDSON, LLC


                                                  By:     /s/ Richard S. Lauter
                                                          One of its attorneys

Richard S. Lauter (ARDC No. 6182859)
LEVENFELD PEARLSTEIN, LLC
2 North LaSalle Street, Suite 1300
Telephone:    (312) 346-8380
Facsimile:    (312) 346-8434
Email:        rlauter@lplegal.com

4